**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**IN ADMIRALTY**

SWEET CAROLINE MARINE, LTD
a Republic of the Marshall Islands Corporation,

    Plaintiff,

v.

M/Y SWEET CAROLINE, her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc., *in rem*, and AVYC, LLC, a Republic of the Marshall Islands Corporation, *in personam*.

    Defendant(s).
_____/

Case No.

**VERIFIED COMPLAINT**

COMES NOW, Plaintiff, SWEET CAROLINE MARINE, LTD ("Sweet Caroline Marine" or "Plaintiff"), by and through the undersigned counsel and files this, its Verified Complaint and Request for Supplemental Rule C Attachment and Arrest against the M/Y SWEET CAROLINE a 127' 2008 IAG motor yacht, Maritime Mobile Service Identifies number ("MMSI") 339952000 Jamaica Flag Official Number JMP20048, along with her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc., *in rem* and AVYC, LLC ("AVYC") a Republic of the Marshall Islands corporation, *in personam*, and alleges as follows:

**JURSIDICTION, VENUE AND PARTIES**

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This case falls under this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule C and E of the Supplemental

1

Rules of Certain Admiralty and Maritime Claims and Local Admiralty Rule C of the General Maritime Law of the United States of America.

2. Plaintiff, Sweet Caroline Marine is a foreign corporation incorporated under the laws of the Republic of the Marshall Islands with its principal office located at Trust Company Complex, Ajeltake Road, Ajetlake Island, Majuro, Marshall Islands MH96960, and doing business in the State of Florida.

3. The Defendant, M/Y SWEET CAROLINE, MMSI number 339952000, Jamaica Flag Official Number JMP20048 is a 127' 2008 IAG motor yacht (the "Vessel"). The Vessel is currently moored in Broward County, Florida and within the waters of this District.

4. The Defendant, AVYC, is a Republic of the Marshall Islands corporation and the Vessel's record owner.

5. Upon information and belief, at all times relevant, AVYC's principal office is located at 1209 Orange Street, Wilmington, Delaware 19801.

6. Venue is proper within the Southern District of Florida pursuant to the provisions of 28 U.S.C. § 1391, and under the General Maritime Law of the United States, as Plaintiff is doing business within the District and the M/Y SWEET CAROLINE is located within this District and the waters of the State of Florida and Broward County and the Defendant, AVYC, LLC, is conducting business within the District.

7. This Court has *in rem* jurisdiction over M/Y SWEET CAROLINE pursuant to Rule C of the Supplemental Rules of certain Admiralty and maritime Claims.

## STATEMENT OF FACTS

8.On June 28, 2023, Plaintiff and AVYC entered into a Loan Agreement (the "Loan Agreement") whereby Plaintiff agreed to lend AVYC $13,800,000.00 secured by a statutory ship mortgage (the "Mortgage") on the Vessel, together with the Vessel's engines, equipment and appurtenances, and a security interest in and to other personal property on or about the Vessel. Attached hereto as Exhibits "A" and "B" are true and accurate copies of the Loan Agreement and Mortgage, respectively.

9.In exchange for entering into the Loan Agreement, AYC executed a Promissory Note (the "Promissory Note") for $13,800,000.00 in favor of Sweet Caroline Marine. Attached hereto as Exhibit "C" is a true and accurate copy of the Promissory Note.

10.The Promissory Note states, inter alia:

> **Payment and Maturity Date**. Borrower shall make payments of principal and interest as follows: (a) On the 1st day of each month, from September 1, 2023 through December 1, 2024, Borrower shall make consecutive monthly installments of principal in the amount of One Hundred Thousand and 00/100 U.S. Dollars ($100,000.00) per month…

11.Pursuant to Article 7.1 of the Loan Agreement, "*Failure of the Borrower to make any payment or pay any sum due under the Note, this Agreement, or any of the Loan Documents*" shall constitute and be deemed an Event of Default.

12.On September 1, 2023, AVYC failed to render the first monthly installment and is therefore in breach under the Loan Agreement and Promissory Note.

13.Article VII of the Loan Agreement, *inter alia,* defines Events of Default as:

> 7.1 Payment Obligations. Failure by Borrower to make any payment to pay any sum when due under the Note, this Agreement, or any Loan Documents.

14.Article 8.2 of the Loan Agreement states, *inter alia*:

3

>  Other Remedies Upon Default. Upon an Event of Default, Lender may do any one or more of the following **with or without prior notice to Borrower** or demand for performance, except as may be required by applicable law…(d) sell or otherwise dispose of the Vessel; (e) **lawfully enter any premises where the Vessel may be located and repossess the Vessel, with or without judicial process or judicial decree;… (f) bring suit at law, in equity, or in admiralty to foreclose Lender's security interest and/or recover judgment for any and all amounts due under this Agreement;** (g) require that Borrow pay court costs and any reasonable amount spent for repossessing, storing, preparing for sale, or selling the Vessel, and any and all other foreclosure costs to the extent permitted by applicable law… (emphasis added).

15. As a result of AVYC's breach, $100,000.00 is the amount now due and payable, exclusive of interest which has been accruing.

16. Plaintiff alleges the Vessel is liable, *in rem*, for all amounts due under the Loan Agreement, Mortgage, and Promissory Note.

17. Pursuant to the Commercial Instruments and Maritime Liens Act 46 U.S.C. § 31301 et seq., Plaintiff has a maritime lien against the Vessel, its engines, machinery, boats, anchors, tackle, gear, furnishings, and all necessaries thereto appertaining, for the failure to render payment for the Promissory Note and Mortgage in accordance with the Loan Agreement.

18. All conditions justifying the issuance of a maritime writ of attachment exist in this instance and Plaintiff is entitled to recover the full amount of its claims, plus interest, legal fees and costs from the Vessel *in rem*.

19. Plaintiff seeks to enforce the amount owed under the Promissory Note and Mortgage through the issuance of an arrest warrant for the Vessel and all necessary *in rem* procedures and proceedings thereafter.

## COUNT I – BREACH OF MORTGAGE AND FORECLOSURE OF MARITIME LIEN AGAINST M/Y SWEET CAROLINE, *in rem*

20. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

21. Plaintiff and AVYC entered into the Loan Agreement whereby Plaintiff agreed to lend AVYC $13,800,000.00 in exchange for the Promissory Note and secured by the Mortgage on the Vessel.

22. Pursuant to the Promissory Note, AVYC was to make payments of principal and interest on the first (1st) day of each month, commencing on September 1, 2023, and ending on December 1, 2024.

23. On September 1, 2023, AVYC failed to render the first monthly installment and is therefore in breach and/or default under the Loan Agreement, Mortgage, and Promissory Note.

24. Pursuant to Article 8.2 of the Loan Agreement, Plaintiff exercise its right to "*bring suit…in admiralty to foreclose the Lender's security interest and/or recover judgment for any and all amounts due under this Agreement.*"

WHEREOFRE, Plaintiff, SWEET CAROLINE MARINE, LTD, requests this Court for the following:

    a) To enter judgment in favor of Plaintiff against Defendant, M/Y SWEET CAROLINE her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc. *in rem* for damages incurred because of AVYC's default under the Loan Agreement, Mortgage, and Promissory Note, together with prejudgment and post-judgment interest and costs, custodial costs, and for such other relief as deemed just and proper by this Court;

b) That process be issued against the M/Y SWEET CAROLINE her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc., *in rem*;

c) That all persons having any claim and interest therein may be cited to appear an answer before said matter see that Plaintiff be decreed to have a lien upon the in *rem* Defendant M/Y SWEET CAROLINE, described herein and such lien be foreclosed in accordance with the law and therefore that the Vessel be condemned and sold to pay the amount due and all such other sums owed; and

d) That Plaintiff be permitted to bid the amount of its lien collectively at the sale of said Vessel at a U.S. Marshal's sale. That upon notice of hearing, judgment be entered against the *in rem* Defendant, together with prejudgment interest and costs and such other and further relief as this Court may deem just and proper.

## COUNT II – BREACH OF MORTGAGE AND PROMISSORY NOTE AGAINST AVYC, LLC, *in personam*

25. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

26. Plaintiff and AVYC entered into the Loan Agreement whereby Plaintiff agreed to lend AVYC $13,800,000.00 in exchange for the Promissory Note and secured by the Mortgage on the Vessel.

27. Pursuant to the Promissory Note and Mortgage, AVYC was to make payments of principal and interest on the first (1st) day of each month, commencing on September 1, 2023, and ending on December 1, 2024.

28. On September 1, 2023, AVYC failed to render the first monthly installment and is therefore in default and/or breach under the Loan Agreement and Promissory Note.

29. Pursuant to Article 8.2 of the Loan Agreement, Plaintiff exercises its right to "*bring suit…in admiralty to… recover judgment for any and all amounts due under this Agreement.*"

30. Defendant AVYC, LLC is in default of the Loan Agreement and Promissory Note.

31. Plaintiff demands a sum in excess of $100,000.00 as well as legal fees and expenses that are due and continuing to accrue plus all interest, fees and costs as payment under the Note and Loan Agreement

WHEREOFRE, Plaintiff, SWEET CAROLINE MARINE, LTD, requests this Court to enter judgment in favor of Plaintiff against the *in personam* Defendant AVYC, LLC for damages incurred because of the *in personam* Defendant's default and/or breach under the Loan Agreement and Promissory Note, together with prejudgment and post-judgment interest, attorneys' fees, costs and for such other relief as deemed just and proper by this Court.

Dated: September 11, 2023

Respectfully submitted,

/s/ Nicholas J. Zeher
Nicholas J. Zeher, Esq. (Fla. Bar No. 1003565)
Robert E. Machate, Esq. (Fla. Bar No. 1003050)
ROBERT ALLEN LAW
The Four Seasons Office Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida  33131
Tel.:   (305) 372-3300
Fax:   (305) 379-7018
Email: nzeher@robertallenlaw.com
           rmachate@robertallenlaw.com
           litigation@robertallenlaw.com

*Counsel for Plaintiff*

## VERIFICATION

I, Joseph Loloi, am an attorney for Sweet Caroline Marine, Ltd, the Plaintiff in this action, which is located in the Republic of the Marshall Islands and am authorized to verify this Verified Complaint *In Rem* for Foreclosure of Maritime Lien (the "Verified Complaint") on behalf of the Plaintiff.

I have read the Verified Complaint and am familiar with the facts and I verify under solemn affirmation that the facts alleged in the foregoing Verified Complaint are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on January 23, 2023

Attorney for Plaintiff – Sweet Caroline Marine, Ltd

By: _____
on Behalf of Sweet Caroline Marine, Ltd.