Exhibit C

## PROMISSORY NOTE

**THIS IS A BALLOON NOTE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $12,200,000.00, TOGETHER WITH ACCRUED INTEREST, IF ANY.**

$13,800,000.00                                                                                           June 28, 2023

FOR VALUE RECEIVED, **AVYC, LLC**, a Republic of the Marshall Islands limited liability company ("Borrower") promises to pay to the order of **SWEET CAROLINE MARINE LTD.**, a Republic of the Marshall Islands company, and its successors and assigns as their interests may appear ("Lender"), at its office at c/o ROBERT ALLEN LAW, P.A., 1441 Brickell Ave., Ste. 1400, Miami, FL 33131, or at such other place as Lender may direct from time to time in writing as set forth herein, the sum of **THIRTEEN MILLION EIGHT HUNDRED THOUSAND AND 00/100 US DOLLARS ($13,800,000.00)** (the "Loan"), together with accrued and unpaid interest thereon to be paid as required by the terms of this promissory note (the "Note"). This Note is executed by Borrower in conjunction with that certain Loan Agreement, dated as of even date herewith, between Lender and Borrower (the "Loan Agreement"). Capitalized terms not otherwise defined herein shall have the meaning given to such terms in the Loan Agreement.

**Interest Rate**. Interest on this Note shall accrue from and after June 29, 2023 at an annual fixed rate equal to eighteen percent (18%). NOTICE: Under no circumstances will the interest rate on this Note be more than the maximum interest rate allowed by applicable law. Interest shall accrue daily and be calculated on the basis of a 365-day year and the actual number of days elapsed in any partial calendar month.

**Payment and Maturity Date**. Borrower shall make payments of principal and interest as follows:

   **(a)**   On the 1st day of each month, from September 1, 2023 through December 1, 2024, Borrower shall make consecutive monthly installments of principal in the amount of One Hundred Thousand and 00/100 U.S. Dollars ($100,000.00) per month;

   **(b)**   On January 1, 2025 (the "Maturity Date"), Borrower shall pay the entire unpaid principal amount plus any outstanding interest and fees accrued, unless sooner accelerated pursuant to this Note or other Loan Documents, including, but not limited to the events of mandatory prepayment listed in Section 2.4 of the Loan Agreement. **THIS IS A BALLOON NOTE. Notwithstanding anything to the contrary herein, provided the Borrower makes the principal payments as set forth herein and satisfies the loan on the Maturity Date, no interest shall be due.**

All payments on account of the indebtedness evidenced by this Note shall be applied first to outstanding costs and fees of Lender, then to accrued and unpaid interest and the remainder to principal.

This Note is subject to the terms and conditions of the Loan Agreement, the Mortgage, the Deed of Covenants and is secured by the security interests and liens granted thereunder and pursuant to other documents, agreements, and instruments executed in connection with the Loan Agreement by the Borrower and/or Guarantors of Borrower (as amended, the "Loan Documents"). This Note is made and delivered pursuant to the Loan Agreement, Mortgage, Deed of Covenants and other Loan Documents, and is subject to the further terms and conditions thereof, including the right of the holder to accelerate payment of the principal of and accrued and unpaid interest on this Note and to exercise other remedies upon the occurrence of an Event of Default and the required prepayment of principal of this Note upon certain other events or conditions, all of which are hereby incorporated and made a part of this Note by reference.

Any waiver of any payment due hereunder or the acceptance by the Lender of partial payments hereunder shall not, at any other time, be taken to be a waiver of the terms of this Note or the Loan Agreement or any other agreement between Borrower and Lender.

Each of the Borrower and each Guarantor of this Note, jointly and severally, hereby waives the following: (1) demand, presentment, protest, notice of dishonor, suit against any party, exhaustion of legal remedies, and all other requirements necessary to charge or hold any party liable on any Obligation under this Note or the

Loan Agreement; (2) any further receipt for or acknowledgment of the Collateral now or hereafter deposited; (3) statement of Indebtedness; and (4) the right to interpose any set-off or counterclaim of any nature or description in any litigation in which the Lender, Borrower, or any Guarantor shall be adverse parties. Borrower and the Guarantors jointly and severally agree that any Obligations under this Note or Loan Agreement may, from time to time, in whole or in part, be renewed, extended, modified, accelerated, compromised, discharged or released by the Lender, and any Collateral, lien and/or right of set-off securing any Obligation may, from time to time, in whole or in part, be exchanged, sold, or released, all without notice to or further reservations of rights against Borrower or Guarantors and all without in any way affecting or releasing the liability of Borrower or Guarantors.

Borrower and Guarantors shall be jointly and severally liable for all Indebtedness represented by this Note and Loan Agreement. This Note and Loan Agreement shall be binding upon Borrower, each Guarantor and their respective heirs, executors, administrators, assigns and shall inure to the benefit of the Lender, its successors and assigns.

Borrower and Guarantors each acknowledge and agree that Lender may sell, assign, pledge, encumber, or otherwise transfer all or any portion of its interest in this Note and Loan Agreement, the documents evidencing and securing those Obligations, and that in connection with any such proposed transfer, Lender may disclose to the proposed purchaser any or all information in its files as to the Loan evidenced by this Note.

Surrender of this Note, upon payment or otherwise, shall not affect the right of the Lender to retain the Collateral as security for other Obligations.

All notices and other communications under this Note shall be in writing. All written notices and communications shall be sent by registered or certified mail, postage prepaid, return receipt requested, by reputable overnight courier, freight prepaid, or delivered by hand. All notices and other communications under this Note shall be given at the following addresses and the attention of the following persons:

(i)  If to Borrower:

> AVYC,LLC
> 2 Compromise St
> Annapolis, MD 21401
> Attn: Legal
> Tel: 410-212-9937
> Email: pbh@avyc.com

With copies to:

> _____
> _____
> _____
> _____

(ii)  If to Lender:

> Sweet Caroline Marine Ltd.
> c/o Robert Allen Law
> 1441 Brickell Avenue, Suite 1400
> Miami, FL 33131
> Attention: Adrian Z. Karborani and Claudia Casalis
> akarborani@robertallenlaw.com; ccasalis@robertallenlaw.com

Notwithstanding the foregoing, all written notices and communications under this Note shall be sent to such other address or facsimile number or to the attention of such other person as the party to whom such

information pertains may hereafter specify for the purpose in a notice to the other specifically captioned "Notice of Change of Address". All notices shall be deemed to be delivered upon receipt or refusal of receipt.

All payments on this Note received during normal banking hours after 12:00 p.m. shall be deemed received at the opening of the next Banking Day.

THIS NOTE AND THE LOAN AGREEMENT SHALL BE GOVERNED BY, ENFORCED, AND CONSTRUED EXCLUSIVELY IN ACCORDANCE WITH THE LAWS OF THE STATE OF FLORIDA, without regard to any laws, rules or regulations concerning conflict of laws that might result in the application of the laws of any other jurisdiction; provided, however, that matters pertaining to the perfection of liens and the enforcement of remedies with respect to Collateral shall be governed by the laws of the jurisdiction where such Collateral may be located to the extent such local laws are mandatorily applicable to such issues.

Notwithstanding the foregoing, Lender reserves the right to exercise any of the remedies available to a secured lender under the laws of, including the maritime laws or Uniform Commercial Code or other laws of similar effect as adopted in, or as may apply in the State of Florida, the United States, or any place where Borrower is registered, maintains a place of business, or any place where the Vessel or any of the Collateral may be located, including, without limitation, the remedy of non-judicial repossession and sale.

Any legal action or proceeding with respect to this Note or the Loan Agreement or any related document may be brought in the courts of Miami-Dade County in the State of Florida or the Federal Courts of the United States for the Southern District of Florida in Miami-Dade County, and by execution and delivery of this Note, Borrower and the Lender consent to the non-exclusive jurisdiction of those courts. Borrower and Lender irrevocably waive any objection, including any objection to the laying of venue or based on the ground of forum non conveniens, which it may now or hereafter have to the bringing of any action or proceeding in such jurisdiction in respect of this Note or any document related hereto.  Notwithstanding the foregoing, (i) Lender shall have the right to bring any action or proceeding against the Borrower, any Guarantor, or their property in the courts of any other jurisdiction the Lender may deem necessary and appropriate in order to enforce its rights and remedies under the Loan Documents or any related documents, and (ii) Borrower and Lender each acknowledge that any appeals from the aforesaid courts may have to be heard by a court located outside the jurisdiction of the jurisdiction of such courts.

BORROWER (AND EACH GUARANTOR) AND LENDER, BY ACCEPTANCE OF THIS NOTE, KNOWINGLY, VOLUNTARILY AND WITH ADVICE OF COUNSEL, HEREBY WAIVE THE RIGHT TO A TRIAL BY JURY IN OR WITH RESPECT TO ANY PROCEEDING ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE, THE LOAN AGREEMENT OR ANY LOAN DOCUMENT, OR GUARANTIES, OR WITH RESPECT TO DEALINGS BETWEEN LENDER AND BORROWER OR ANY GUARANTOR CONCERNING ANY COURSE OF CONDUCT, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER TO PROVIDE CREDIT TO THE BORROWER.

BORROWER HEREBY IRREVOCABLY APPOINTS SILVERMAN THOMPSON, 400 E. PRATT ST SUITE 900, BALTIMORE, MD 21202, AS AGENT FOR SERVICE OF PROCESS FOR THE PURPOSES HEREOF. BORROWER HEREBY AGREES THAT THE LENDER MAY EFFECT SERVICE OF PROCESS UPON THE UNDERSIGNED BY MAILING PROCESS VIA MAIL OR COURIER TO SILVERMAN THOMPSON, 400 E. PRATT ST SUITE 900, BALTIMORE, MD 21202, ATTN: STEVEN N. LEITESS, ESQ.  BORROWER IRREVOCABLY WAIVES PERSONAL SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER PROCESS. NOTHING IN THIS AGREEMENT WILL AFFECT THE RIGHT OF LENDER TO SERVE PROCESS IN ANY MANNER PERMITTED BY APPLICABLE LAW.

[Signature Page Follows]

IN WITNESS WHEREOF, Borrower has executed this Note on the date first written above.

**BORROWER:**

**AVYC, LLC**, a Republic of the Marshall Islands limited liability company

By: _____
Patrick T Britton-Harr, Managing Member