IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

SWEET CAROLINE MARINE, LTD
a Republic of the Marshall Islands Corporation,

Case No. 23-CV-61754-DMM

Plaintiff,

v.

M/Y SWEET CAROLINE, her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc., *in rem*, and AVYC, LLC, a Republic of the Marshall Islands Corporation, *in personam*.

Defendant(s).
_____/

## MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

Pursuant to Local Admiralty Rule E(10)(c), Plaintiff, Sweet Caroline Marine, LTD by and through its undersigned attorneys, file this Motion to appoint G. Robert Toney and Associates Inc. d/b/a National Liquidators ("NL") as the Substitute Custodian and state as follows:

1. On September 11, 2023, Plaintiff initiated the above-styled action against the M/Y "SWEET CAROLINE", a 2008 127' Jamaica flagged IAG motor yacht, Maritime Mobile Service Identity (MMSI) 339952000, along with her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc. (the "Vessel"), and the Vessel's owner, AVYC, LLC ("AVYC").  *See* (D.E. 1).

2. On September 13, 2023, Plaintiff filed a Motion (D.E. 5) for the Clerk of the District Court to issue a Warrant of Arrest against the Vessel directing the U.S. Marshal to take custody of the Vessel, and to retain custody of the Vessel pending further order of this Court.

3. Subsequent to the issuance of the Warrant of Arrest, the Marshal will take steps to immediately seize the Vessel. Thereafter, continual custody of the Marshal will require the services of at least one custodian to safeguard the Vessel, which does not include the cost of storing the 127-ft Vessel or the cost of liability insurance while the Vessel is under arrest. The Marshal simply does not have the facilities or personnel to keep and safeguard the Vessel on a cost-effective basis and based on counsel's experience in the Southern District of Florida, the Marshal will not act as a caretaker in a civil action.

4. The Vessel is currently located within the waters of the United States and within the Southern District of Florida. The Substitute Custodian's facility located in Broward County Florida is a well-known, and reputable company that provides services for such large vessels. NL (the proposed Substitute Custodian) has adequate personnel, experience and adequate facilities for the dockage, care, maintenance and security of the vessel.

5. Subject to the approval of the Court, the Substitute Custodian is prepared to move the Vessel and have the Vessel towed to its facility and provide security, wharfage, and routine services for the safekeeping of the Vessel at a cost substantially less than that presently required by the Marshal and as set forth in the Affidavit of Substitute Custodian filed contemporaneously herewith. The Substitute Custodian has also agreed to continue to provide these services pending further order of this Court in accordance with proposed storage rates attached to the proposed Substitute Custodian's Affidavit as Exhibit "A" thereto.

6. The Substitute Custodian has adequate facilities for the care, maintenance and security of the Vessel. In discharging its obligation to care for, maintain and secure the Vessel, the Substitute Custodian shall comply with all orders of the Captain of the Port, United States Coast Guard, including but not limited to, and order to move the Vessel; and any applicable federal,

state and local laws, regulations and requirements pertaining to Vessel and port safety. The proposed Substitute Custodian shall advise the Court, the parties to the action, and the United States Marshal, of any movement of the Vessel pursuant to an order of the Captain of the Port, within twenty-four (24) hours of such Vessel movement.

7. Concurrent with the Motion for Appointment of the Substitute Custodian, Plaintiff and the Substitute Custodian have executed and are filing a Consent and Indemnification Agreement (D.E. 8) in accordance with Local Admiralty Rule E(10)(c)(ii), which agreement is being filed contemporaneously with this motion.

8. A copy of the text of the proposed Order Appointing Substitute Custodian is attached hereto as Exhibit "B", and will be submitted to the Court in Word format via email in accordance with Local CM/ECF Rule 3I(6).

WHEREFORE, in accordance with the representation set forth in this motion, and in light of the Consent and Indemnification Agreement filed contemporaneously with this Motion, as noted in paragraph 7 above, Plaintiff requests this Court to enter an order appointing G. Robert Toney and Associates Inc. d/b/a National Liquidators, as the Substitute Custodian for the Defendant Vessel.

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served via transmission of Notice of Electronic Filing generated by CM/ECF this 13th day of September, 2023, to all counsel of record.

Dated: September 13, 2023            Respectfully submitted,

/s/ Nicholas J. Zeher
Nicholas J. Zeher, Esq. (Fla. Bar No. 1003565)
Robert E. Machate, Esq. (Fla. Bar No. 1003050)

          Robert Allen Law
          The Four Seasons Office Tower
          1441 Brickell Avenue, Suite 1400
          Miami, Florida  33131
          Tel.: (305) 372-3300
          Fax: (305) 379-7018
          Email: nzeher@robertallenlaw.com
             rmachate@robertallenlaw.com
             litigation@robertallenlaw.com

          *Counsel for Plaintiff*