IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

SWEET CAROLINE MARINE, LTD
a Republic of the Marshall Islands Corporation,

    Plaintiff,

Case No.  23-CV-61754-DMM

v.

M/Y SWEET CAROLINE, her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc., *in rem*, and AVYC, LLC, a Republic of the Marshall Islands Corporation, *in personam*.

    Defendant(s).

_____/

## AMENDED VERIFIED COMPLAINT

COMES NOW, Plaintiff, SWEET CAROLINE MARINE, LTD ("Sweet Caroline Marine" or "Plaintiff"), by and through the undersigned counsel and files this, its Amended Verified Complaint and Request for Supplemental Rule C Attachment and Arrest against the M/Y SWEET CAROLINE a 127' 2008 IAG motor yacht, Maritime Mobile Service Identifies number ("MMSI") 339952000 Jamaica Flag Official Number JMP20048, along with her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, etc., *in rem* and AVYC, LLC ("AVYC") a Republic of the Marshall Islands corporation, *in personam*, and alleges as follows:

### JURSIDICTION, VENUE AND PARTIES

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This case falls under this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule C and E of the Supplemental

1

Rules of Certain Admiralty and Maritime Claims and Local Admiralty Rule C of the General Maritime Law of the United States of America.

2. Plaintiff, Sweet Caroline Marine is a foreign corporation incorporated under the laws of the Republic of the Marshall Islands with its principal office located at Trust Company Complex, Ajeltake Road, Ajetlake Island, Majuro, Marshall Islands MH96960, and doing business in the State of Florida.

3. The Defendant, M/Y SWEET CAROLINE, MMSI number 339952000, Jamaica Flag Official Number JMP20048 is a 127' 2008 IAG motor yacht (the "Vessel"). The Vessel is currently moored in Broward County, Florida and within the waters of this District.

4. The Defendant, AVYC, is a Republic of the Marshall Islands corporation and the Vessel's record owner.

5. Upon information and belief, at all times relevant, AVYC's principal office is located at 1209 Orange Street, Wilmington, Delaware 19801.

6. Venue is proper within the Southern District of Florida pursuant to the provisions of 28 U.S.C. § 1391, and under the General Maritime Law of the United States, as Plaintiff is doing business within the District and the M/Y SWEET CAROLINE is located within this District and the waters of the State of Florida and Broward County and the Defendant, AVYC, LLC, is conducting business within the District.

7. This Court has *in rem* jurisdiction over M/Y SWEET CAROLINE pursuant to Rule C of the Supplemental Rules of certain Admiralty and maritime Claims.

## STATEMENT OF FACTS

8. On June 28, 2023, Plaintiff and AVYC entered into a Loan Agreement (the "Loan Agreement") whereby Plaintiff agreed to lend AVYC $13,800,000.00 secured by a statutory ship mortgage (the "Mortgage") on the Vessel, together with the Vessel's engines, equipment and appurtenances, and a security interest in and to other personal property on or about the Vessel. Attached hereto as Exhibits "A" and "B" are true and accurate copies of the Loan Agreement and Mortgage, respectively.

9. In exchange for entering into the Loan Agreement, AYC executed a Promissory Note (the "Promissory Note") for $13,800,000.00 in favor of Sweet Caroline Marine. Attached hereto as Exhibit "C" is a true and accurate copy of the Promissory Note.

10. The Vessel is subject to the Loan Agreement and the Mortgage. (Exhibit A and B). "The Loan Agreement between the Plaintiff/Mortgagor as Lender and the Defendant/Mortgagor or as Borrower in respect of a loan facility with a principal amount of $13,800.000 and 00/100 UNITED STATES DOLLARS (U.S. $13,800,000.00).... The Loan Agreement and Deed of Covenants are attached hereto and are incorporated into and form an integral part of this Mortgage)." (See Exhibit A)

11. Under the Loan Agreement, 5.2, Negative Covenants, 5.2.A Debts. Borrower shall not, directly or indirectly, create, assume, incur, become or be liable for or with respect to any manner of obligations, subordinate loans, liabilities or indebtedness whatsoever, to any person, or by way of any guaranty that may give rise to a lien, security interest, or other incumbrance that is superior in priority to the mortgage against the Vessel. (Exhibit A).

12. The Defendant/Borrower, as operator of the vessel has incurred maritime liens in the form of crew wages and other necessaries which are superior in priority to this mortgage on

the Vessel. As such, the Defendant/Borrower has violated the terms and covenants of the loan Agreement by incurring liens which have priority over this mortgage.

13. 19.27. Under the Loan Agreement, 7.9 Material Adverse Change. The occurrence of any event or condition which has or could reasonably be expected to have a material adverse effect on the operations or the financial condition of Borrower or any Guarantor, or on Lender's prospective payments, performance or ability to realize upon the collateral, taken as a whole, as determined by Lender in its reasonable discretion. (See Exhibit A).

14. It has come to the knowledge of the Plaintiff, that the Defendant/Borrower's managing member of the defendant, LLC, Patrick T. Britton-Harr, the managing member of the Defendant/Borrower and Vessel Owner, is the subject of a lawsuit filed by United States of America against Patrick Tormay Britton-Harr, for Medicare fraud and the False Claims Act in the United States District Court for the State of Maryland. Case number 1:23-cv-01921-ELH on July 18th, 2023. (See Exhibit D).

15. The Maryland Complaint is seeking a claim for over 24,000 false claims to Medicare against the Managing member of the Defendant. As such, it is in violation of the loan Agreement, specifically it is "an event or condition which has or could reasonably be expected to have a material adverse effect on the operations or the financial condition of Borrower or any Guarantor, or on Lender's prospective payments, performance or ability to realize upon the collateral, taken as a whole, as determined by Lender in its reasonable discretion". (Please see Exhibit D.)

16. Due to the material adverse change, Defendant is in default.

17. Article 8.2 of the Loan Agreement states, *inter alia*:

> Other Remedies Upon Default. Upon an Event of Default, Lender may do any one or more of the following **with or without prior notice to**

> ***Borrower*** or demand for performance, except as may be required by applicable law…(d) sell or otherwise dispose of the Vessel; (e) ***lawfully enter any premises where the Vessel may be located and repossess the Vessel, with or without judicial process or judicial decree;… (f) bring suit at law, in equity, or in admiralty to foreclose Lender's security interest and/or recover judgment for any and all amounts due under this Agreement;*** (g) require that Borrow pay court costs and any reasonable amount spent for repossessing, storing, preparing for sale, or selling the Vessel, and any and all other foreclosure costs to the extent permitted by applicable law… (emphasis added).

18. Plaintiff alleges the Vessel is liable, *in rem*, for all amounts due under the Loan Agreement, Mortgage, and Promissory Note due to the default.

19. Pursuant to the Commercial Instruments and Maritime Liens Act 46 U.S.C. § 31301 et seq., Plaintiff has a maritime lien against the Vessel, its engines, machinery, boats, anchors, tackle, gear, furnishings, and all necessaries thereto appertaining, for Defendant's default.

20. All conditions justifying the issuance of a maritime writ of attachment exist in this instance and Plaintiff is entitled to recover the full amount of its claims, plus interest, legal fees and costs from the Vessel *in rem*.

21. Plaintiff seeks to enforce the amount owed under the Promissory Note and Mortgage through the issuance of an arrest warrant for the Vessel and all necessary *in rem* procedures and proceedings thereafter.

### COUNT I- BREACH OF MORTGAGE AGAINST M/Y SWEET CAROLINE, in rem

22. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

23. Plaintiff and AVYC entered into the Loan Agreement whereby Plaintiff agreed to lend AVYC $13,800,000.00 in exchange for the Promissory Note and secured by the Mortgage on the Vessel.

24. The Vessel is subject to the Loan Agreement and the Mortgage. (Exhibit A and B.). "The Loan Agreement between the Plaintiff/Mortgagor as Lender and the Defendant/Mortgagor or as Borrower in respect of a loan facility with a principal amount of $13,800.000 and 00/100 UNITED STATES DOLLARS (U.S. §13, 800, 000.00) …. The Loan Agreement and Deed of Covenants are attached hereto and are incorporated into and form an integral part of this Mortgage)." (See Exhibit A.)

25. Under the Loan Agreement, 5.2, Negative Covenants, 5.2.A Debts. Borrower shall not, directly or indirectly, create, assume, incur, become or be liable for or with respect to any manner of obligations, subordinate loans, liabilities or indebtedness whatsoever, to any person, or by way of any guaranty that may give rise to a lien, security interest, or other incumbrance that is superior in priority to the mortgage against the Vessel. (Exhibit A.).

26. The Defendant/Borrower, as operator of the Vessel has incurred maritime liens in the form of crew wages and other necessaries which are superior in priority to this mortgage on the Vessel. As such, the Defendant/Borrower has violated the terms and covenants of the loan Agreement and Note by incurring liens which have priority over this mortgage.

27. 19.27. Under the Loan Agreement, under 7.9 Material Adverse Change. The occurrence of any event or condition which has or could reasonably be expected to have a material adverse effect on the operations or the financial condition of Borrower or any Guarantor, or on Lender's prospective payments, performance or ability to realize upon the collateral, taken as a whole, as determined by Lender in its reasonable discretion. (See Exhibit A.).

DocuSign Envelope ID: 4BC30D30-4809-49F3-0718-DAC2FDA232B7
Case 0:23-cv-61754-DMM  Document 13  Entered on FLSD Docket 10/30/2023  Page 7 of 11

28. It has come to the knowledge of the Plaintiff, that the Defendant/Borrower's managing member of the Defendant LLC., Patrick T. Britton-Harr, the Managing member of the Defendant/Yacht Owner, is the subject of a lawsuit filed by United States of America against Patrick Tormay Britton-Harr, for Medicare fraud and the False Claims Act in the United States District Court for the State of Maryland. Case number 1:23-cv-01921-ELH on July 18th, 2023. (See Exhibit D).

29. The Maryland Complaint is seeking a claim for over 24,000 false claims to Medicare against the Managing member of the Defendant.  As such, it is in violation of the Note, specifically it is "an event or condition which has or could reasonably be expected to have a material adverse effect on the operations or the financial condition of Borrower or any Guarantor, or on Lender's prospective payments, performance or ability to realize upon the collateral, taken as a whole, as determined by Lender in its reasonable discretion". (Please see Exhibit D.)

30. The Defendant has breached the Mortgage by incurring debts that are superior in priority to the Mortgage and has shown a material adverse effect on the financial condition of the Borrower, all in violation of the Mortgage and the Loan Agreement,

31. The Defendant/Borrower is in violation of these terms of the Loan Agreement and has violated the terms of the Vessel's Mortgage.

32. WHEREFORE, Plaintiff, SWEET CAROLINE MARINE, LTD, requests this Court to enter judgment in favor of Plaintiff against the *in rem* Defendant for damages incurred because of the breach of the Mortgage together with prejudgment and post-judgment interest, costs and for such other relief as deemed just and proper by this Court.

### COUNT IV- BREACH OF MORTGAGE AND PROMISSORY NOTE AGAINST AVYC, LLC, in personam

33. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

34. Plaintiff and AVYC entered into the Loan Agreement whereby Plaintiff agreed to lend AVYC $13,800,000.00 in exchange for the Promissory Note and secured by the Mortgage on the Vessel.

35. The Vessel is subject to the Loan Agreement and the Mortgage. (Exhibit A and B). "The Loan Agreement between the Plaintiff/Mortgagor as Lender and the Defendant/Mortgagor or as Borrower in respect of a loan facility with a principal amount of $13,800.000 and 00/100 UNITED STATES DOLLARS (U.S. §13, 800, 000.00) …. The Loan Agreement and Deed of Covenants are attached hereto and are incorporated into and form an integral part of this Mortgage)." (See Exhibit A).

36. Under the Loan Agreement, 5.2, Negative Covenants, 5.2.A Debts. Borrower shall not, directly or indirectly, create, assume, incur, become or be liable for or with respect to any manner of obligations, subordinate loans, liabilities or indebtedness whatsoever, to any person, or by way of any guaranty that may give rise to a lien, security interest, or other incumbrance that is superior in priority to the mortgage against the Vessel. (Exhibit A).

37. The Defendant/Borrower, as operator of the Vessel has incurred maritime liens in the form of crew wages and other necessaries which are superior in priority to this mortgage on the Vessel. As such, the Defendant/Borrower has violated the terms and covenants of the loan Agreement and Note by incurring liens which have priority over this mortgage.

38. 19.27. Under the Loan Agreement, under 7.9 Material Adverse Change. The occurrence of any event or condition which has or could reasonably be expected to have a material

adverse effect on the operations or the financial condition of Borrower or any Guarantor, or on Lender's prospective payments, performance or ability to realize upon the collateral, taken as a whole, as determined by Lender in its reasonable discretion. (See Exhibit A).

39. It has come to the knowledge of the Plaintiff, that the Defendant/Borrower's managing member of the Defendant LLC., Patrick T. Britton-Harr, the Managing member of the Defendant/Yacht Owner, is the subject of a lawsuit filed by United States of America against Patrick Tormay Britton-Harr, for Medicare fraud and the False Claims Act in the United States District Court for the State of Maryland. Case number 1:23-cv-01921-ELH on July 18th, 2023. (See Exhibit D).

40. The Maryland Complaint is seeking a claim for over 24,000 false claims to Medicare against the Managing member of the Defendant. As such, it is in violation of the Note, specifically it is "an event or condition which has or could reasonably be expected to have a material adverse effect on the operations or the financial condition of Borrower or any Guarantor, or on Lender's prospective payments, performance or ability to realize upon the collateral, taken as a whole, as determined by Lender in its reasonable discretion". (Please see Exhibit D).

41. The Defendant has breached the Mortgage by incurring debts that are superior in priority to the Mortgage and has shown a material adverse effect on the financial condition of the Borrower, all in violation of the Mortgage and the Loan Agreement.

42. The Defendant/Borrower is in violation of these terms of the Loan Agreement and has violated the terms of the Vessel's Mortgage.

43. WHEREFORE, Plaintiff, SWEET CAROLINE MARINE, LTD, requests this Court to enter judgment in favor of Plaintiff against the in personam Defendant AVYC, LLC for damages incurred because of the in personam Defendant's default and/or breach under the Loan

Agreement and Promissory Note, together with prejudgment and post-judgment interest, attorneys' fees, costs and for such other relief as deemed just and proper by this Court.

WHEREFORE, Plaintiff, SWEET CAROLINE MARINE, LTD, requests this Court to enter judgment in favor of Plaintiff against the *in personam* Defendant AVYC, LLC for damages incurred because of the *in personam* Defendant's default and/or breach under the Loan Agreement and Promissory Note, together with prejudgment and post-judgment interest, attorneys' fees, costs and for such other relief as deemed just and proper by this Court.

| | |
|---|---|
| Dated: October 27, 2023 | Respectfully submitted, |
| | /s/ Nicholas J. Zeher |
| | Nicholas J. Zeher, Esq. (Fla. Bar No. 1003565) |
| | Robert E. Machate, Esq. (Fla. Bar No. 1003050) |
| | ROBERT ALLEN LAW |
| | The Four Seasons Office Tower |
| | 1441 Brickell Avenue, Suite 1400 |
| | Miami, Florida 33131 |
| | Tel.: (305) 372-3300 |
| | Fax: (305) 379-7018 |
| | Email: nzeher@robertallenlaw.com |
| | rmachate@robertallenlaw.com |
| | litigation@robertallenlaw.com |
| | *Counsel for Plaintiff* |

## **VERIFICATION**

I, Joseph Loloi, am an attorney for Sweet Caroline Marine, Ltd, the Plaintiff in this action, which is located in the Republic of the Marshall Islands and am authorized to verify this Verified Complaint *In Rem* for Foreclosure of Maritime Lien (the "Verified Complaint") on behalf of the Plaintiff.

I have read the Verified Complaint and am familiar with the facts and I verify under solemn affirmation that the facts alleged in the foregoing Verified Complaint are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on October 27, 2023

Attorney for Plaintiff – Sweet Caroline Marine, Ltd

By: _____
    DocuSigned by: 583FDAB0C04E456...
on Behalf of Sweet Caroline Marine, Ltd.